IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEM MATEO, #515311,
a/k/a/ KIM MATEO,
    Plaintiff,

vs.                                      Case No.:  5:06cv115/SPM/EMT

M. VOSBRINK, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se,[1] initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).  Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure

---

[1] Plaintiff is currently out of Department of Corrections (DOC) custody due to a court order (*see* Doc. 2 at 2; *see also* www.dc.state.fl.us (website for the Florida DOC)).

to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that a case filed by Plaintiff in the United States District Court for the Middle District of Florida was recently dismissed due to Plaintiff's status as a "three-striker" (*see* Mateo v. Bennett, Case No. 8:06cv950-T-30TBM (M.D. Fla. May 31, 2006)).[2] Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915; Brown, 387 F.3d 1344; Rivera, 144 F.3d 719.

In the instant case, Plaintiff alleges that in January of 2006 he requested that his diet be changed to "Jewish Dietary Accommodation" (JDA) (Doc. 1 at 7). Although prison officials informed him that he would be scheduled for an interview with the chaplain to determine whether he qualified for the program, four months passed without an interview (Doc. 1 at 7 and continuation pages). Plaintiff states that as a result, he has had to forego eating several meals or parts of meals, causing constant hunger and hunger pangs, and he has been unable to commune with God (*id*. at 7c). Plaintiff contends Defendants have violated his rights under the First Amendment and the Equal Protection Clause (*id*. at 8 and continuation pages). As relief, Plaintiff seeks monetary damages, an injunction requiring Defendants to grant him an interview for the JDA, and declaratory relief (*id*.).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g). The fact that Plaintiff is constantly hungry and suffers hunger pangs does not constitute a serious physical injury, especially in light of the fact that Plaintiff admits he eats some

---

[2]The court listed Plaintiff's three strikes as follows: (1) Case No. 8:99-2866-CIV-T-26B (abuse of judicial process); (2) Case No. 8:99-845-CIV-T-24C (failure to state a claim); and (3) Case No. 8:99-CV-658-T-17EAJ (failure to state a claim). The court noted that in Rivera, the Eleventh Circuit found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *See* Rivera, 144 F.3d at 731. Another of Plaintiff's cases, filed in the Northern District was also dismissed for abuse of the judicial process, Case No. 5:05cv73/SPM/EMT.

Case No.: 5:06cv115/SPM/EMT

meals.  Thus he has failed to satisfy the imminent danger exception to the statute, and he is not entitled to proceed in forma pauperis in this case.  Accordingly, this action should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is **ORDERED**:

That Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 7th day of June 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**